UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SARAH WEPPLER     PLAINTIFF

v.     CIVIL ACTION NO. 3:17-cv-700-CRS

THE HARTFORD FINANCIAL
SERVICES GROUP, INC.
d/b/a THE HARTFORD     DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on two motions. On December 7, 2017, the Defendant, The Hartford Financial Services Group, Inc. d/b/a The Hartford ("Hartford"), filed a motion to dismiss for failure to state a claim and a motion to strike the jury demand. (DN 8.) On the same day, the Plaintiff, Sarah Weppler ("Weppler") filed a motion to amend/correct the complaint. (DN 10.) For the reasons stated, the court will **GRANT IN PART** and **DENY IN PART** the Plaintiff's motion to file an amended complaint. (DN 10.) The court will **DENY AS MOOT** the Defendant's motion to dismiss (DN 8).

### I. BACKGROUND

According to her Complaint, Weppler was a practicing registered nurse who purchased long term disability insurance from the Defendant. (DN 1-2, ¶ 6.) After suffering a stroke, Weppler made a claim under her policy for long term disability benefits. (*Id*. at ¶ 10.) While her claim was originally approved in May of 2016, she received a letter in January of 2017 denying her further long term disability payments. (*Id*. at ¶¶ 11, 14.) The Plaintiff appealed the denial of her claim, and this appeal was denied in August of 2017. (*Id*. at ¶¶ 23, 24.)

The Plaintiff filed a Complaint in Jefferson Circuit Court, Kentucky alleging six counts: breach of contract; bad faith under the Unfair Claims Settlement Practices Act; common law bad faith; negligence; breach of fiduciary duty; and breach of the covenant of good faith and fair dealing. The Defendant promptly removed the action to this court, stating that the Plaintiff's claims against the Defendant invoke the court's federal question jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (DN 1-2.)

The Defendant soon thereafter filed its motion to dismiss for failure to state a claim and motion to strike the Plaintiff's jury demand. (DN 8.) In its motion, Hartford argues that all of the Plaintiff's state law claims are preempted by ERISA, which does not allow for the recovery of extra-contractual damages and jury trials. The Plaintiff responded to the Defendant's motion to dismiss and strike and also filed a motion to amend/correct her Complaint. (DN 10.) With this motion, the Plaintiff tendered a proposed Amended Complaint. (DN 10-1.) Hartford filed a response in opposition to the Plaintiff's motion to amend her Complaint, arguing that Weppler's proposed Amended Complaint still includes improper claims. (DN 19.)

The court will address each motion in turn.

**II. STANDARD**

A court should freely grant leave to amend a pleading when justice so requires. Fed.R.Civ.P. 15(a)(2). A district court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, the Defendant has objected to certain portions of the proposed Amended Complaint. A proposed amendment is deemed to be futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382 (6th Cir. 1993). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell At. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a complaint need not contain detailed factual allegations, it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

The first issue before the court is the Defendant's motion to dismiss Weppler's Complaint under the premise that the state law claims brought against the Defendant are preempted by ERISA. The United States Supreme Court has unambiguously concluded that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004).

The Plaintiff does not dispute that the state law claims brought in her Complaint would be preempted by ERISA, if indeed the policy in question is an ERISA-governed policy. Despite arguing that the Plaintiff has not received a copy of the policy to confirm that it is governed by ERISA, Weppler nevertheless filed a motion to amend and a proposed Amended Complaint. The Plaintiff's proposed Amended Complaint brings three counts: breach of contract/denial of benefits under ERISA § 502(a)(1)(B); breach of fiduciary duty pursuant to ERISA § 502(a)[1]; and

---
[1] While the proposed Amended Complaint does not specify that the Plaintiff's breach of fiduciary duty claim is brought under ERISA § 502(a)(3), the Defendant's response to the Plaintiff's motion to amend assumes as much.

equitable relief pursuant to ERISA § 502(a)(3). Additionally, the Amended Complaint demands a trial by jury and actual and punitive damages.

Because each count in Weppler's proposed Amended Complaint is brought under ERISA, the Defendant's motion to dismiss would be rendered moot upon the admittance of the Amended Complaint. However, the Defendant has objected to certain claims and demands in the Plaintiff's proposed Amended Complaint.

First, Hartford claims that the Plaintiff named the wrong defendant in her proposed Amended Complaint. The proposed Amended Complaint names the Hartford Financial Services Group, Inc., a holding company that does not issue insurance, as the Defendant. The parties in this litigation have already stipulated that the correct party defendant is Hartford Life and Accident Insurance Company. Consistent with Agreed Order entered by this court on November 30, 2017 (DN 7), the Plaintiff will be ordered to tender a proposed Amended Complaint reflecting the correct defendant.

Next, the Defendant argues that the proposed Amended Complaint alleges inconsistent claims. Specifically, Hartford contends that Weppler has not alleged facts sufficient to allow her to bring claims under both § 502(a)(1)(B) and § 502(a)(3). Under ERISA, a civil action may be brought under § 502(a)(1)(B) by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A civil action may also be brought under § 502(a)(3):

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain

---

Because the Plaintiff did not reply to the Defendant's assumption that Count II of the proposed Amended Complaint is brought under ERISA § 502(a)(3), and did not state otherwise, the court will treat Count II of the proposed Amended Complaint as a claim under ERISA § 502(a)(3).

> other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). The Sixth Circuit, in *Rochow v. Life Ins. Co. of North America,* held that a plaintiff is not entitled to relief under both § 502(a)(1)(B) and § 502(a)(3) "where the § 502(a)(1)(B) remedy is adequate to make the claimant whole." 780 F.3d 364, 371 (6th Cir. 2015). Rather, a plaintiff can only get relief under both sections "where the breach of fiduciary duty claim is based on an injury separate and distinct from the denial of benefits or where the remedy afforded by Congress under § 502(a)(1)(B) is otherwise shown to be inadequate." *Id*. at 372.

The Plaintiff did not reply to the Defendant's objections to Counts II and III of her proposed Amended Complaint. Further, the court agrees with the Defendant that Weppler has not alleged any facts indicating that she suffered a separate injury distinct from the denial of benefits, or that the remedy under § 502(a)(1)(B) would be inadequate. The Plaintiff's motion to amend her Complaint will be denied to the extent she alleges claims under § 502(a)(3), as such claims would be futile.

Last, the Defendant objects to the Plaintiff's jury demand and demand for extra-contractual damages in the proposed Amended Complaint. The court agrees that the Plaintiff's proposed Amended Complaint improperly contains a demand for a trial by jury, as plaintiffs are not entitled to jury trials under ERISA. *Bair v. General Motors Corp.*, 895 F.2d 1094, 1096 (6th Cir.1990) (holding that an ERISA claim is equitable in nature and thus not eligible for a jury trial). Likewise, extra-contractual damages are not available under ERISA. *Varhola v. Doe*, 820 F.2d 809, 817 (6th Cir. 1987) (finding that plaintiffs are not entitled to punitive damages or extra-contractual damages under ERISA). To the extent that Weppler demands a trial by jury or extra-contractual damages, the Plaintiff's motion to amend will be denied.

## IV. CONCLUSION

For the reasons set forth above, the court will **GRANT IN PART** the Plaintiff's motion for leave to file an amended complaint in regards to Count I under ERISA § 502(a)(1)(B). The court will **DENY IN PART** the Plaintiff's motion for leave to file an amended complaint in regards to Counts II and III under ERISA § 502(a)(3) and the demands for extra-contractual damages. The Plaintiff will be ordered to tender an amended complaint consistent with this memorandum opinion. The Plaintiff further will be ordered to file an amended complaint naming the correct defendant pursuant to the agreed order entered on November 30, 2017. In light of the foregoing, the Defendant's motion to dismiss will be **DENIED AS MOOT**.

An order will be entered in accordance with this opinion.

May 20, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**